780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LOUISVILLE BLACK POLICE OFFICERS ORGANIZATION, INC., WILLIE
GULLEY, RONALD JACKSON, JAMES STEPTOE, AND LEN
HOLT, Plaintiffs,
v.
CITY OF LOUISVILLE, et al., Defendants.
 84-6022
 United States Court of Appeals, Sixth Circuit.
 11/5/85
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL from the United States District Court for the Western District of Kentucky
 Before: ENGEL and KENNEDY, Circuit Judges; COOK,* District Judge.
 PER CURIAM.
 
 
 1
 Intervening plaintiff-appellant, Doug Hamilton, appeals from the District Court order dismissing his intervening petition with prejudice. On March 14, 1974, several plaintiffs filed a complaint against the City of Louisville ('Louisville') alleging that Louisville had violated plaintiffs' civil rights in the hiring, promoting, and assigning of personnel within the Division of Police. The District Court approved a consent decree settling the action on September 22, 1980. The consent decree established certain procedures relating to the hiring and promotion of personnel within the Division of Police. On December 17, 1982, intervening plaintiff-appellant filed a motion to redocket the action and asked the District Court to interpret and apply specific provisions of the consent decree to his particular circumstances. After briefing and argument by counsel, the District Court dismissed the intervening petition on the merits.
 
 
 2
 The consent decree established minimum goals for the promotion of black officers within specific time tables to the ranks of sergeant, lieutenant, and captain. Under the consent decree, the Louisville Civil Service Board created an eligibility list for the promotion of personnel to the rank of lieutenant, which became effective on June 30, 1981. The eligibility list, which eventually expired on October 29, 1982, ranked intervening plaintiff-appellant eleventh out of a total of twelve applicants. When the eligibility list expired, intervening plaintiff-appellant was the only candidate remaining on the list eligible for promotion to lieutenant.
 
 
 3
 In July 1981, the Division of Police selected the two highest ranked individuals on the eligibility list for merit promotions and the Civil Service Board promoted them and removed their names from the eligibility list. On November 2, 1981, the Division of Police appointed David Lyons, a black police officer, who held the rank of lieutenant on June 30, 1981, to the rank of major. This promotion created an operational vacancy in the rank of lieutenant. Under the consent decree, the vacancy required the appointment of a black police officer. On January 22, 1982, the Division of Police promoted Gwendolyn Lyons, who, although ranked twelfth on the eligibility list, was the only black police officer on the list. Under paragraph 30(b) of the consent decree, when the consent decree requires the promotion of a black police officer, the Division of Police may make the 'goal promotion' from the three highest black officers on the eligibility list. When the Division of Police makes a 'goal promotion,' the Division simultaneously selects a white police officer for a 'designated promotion.' The Division of Police will then promote the 'designated' white police officer when the next vacancy occurs even if the eligibility list has expired.
 
 
 4
 On January 22, 1982, the Division of Police promoted four white police officers to fill additional vacancies that arose in a departmental reorganization. Subsequent to January 1982, the Division of Police selected the white police officers, who were seventh, eighth, ninth, and tenth on the eligibility list, for merit promotions to the rank of lieutenant. When the eligibility list expired on October 29, 1982, intervening plaintiff-appellant was the only remaining candidate on the list eligible for promotion to lieutenant.
 
 
 5
 Intervening plaintiff-appellant filed this petition for an interpretation of paragraph 30 of the consent decree. Appellant does not challenge the consent decree itself or the affirmative action program under the consent decree but only the intrepretation and implementation of the plan. On appeal, intervening plaintiff-appellant raises the issue whether the District Court properly interpreted the consent decree. For the reasons set forth below, we affirm the District Court's holding that Louisville fully complied with the terms of the consent decree.
 
 
 6
 Appellant contends that the Division of Police never made an appointment to fill the vacancy that the Division created by promoting David Lyons to major on November 2, 1981. Under paragraph 25 of the consent decree and the applicable collective bargaining agreement, the Division of Police had ninety days to fill the vacancy. The promotion of Gwendolyn Lyons on January 22, 1982 occurred within this ninety-day period. Second, appellant contends that the simultaneous promotion of the four officers on January 22, 1982 destroyed the concept of a 'designated promotion.' The January 22, 1982 promotions, however, complied with the intent and language of the consent decree. The consent decree intended to minimize the effects of 'goal promotions' by 'designating' the white police officer, who otherwise would have received the promotion, for the next promotion. On the same day that the Division of Police promoted Gwendolyn Lyons, the Division also promoted the white police officer, who would have received the promotion if the Division had not promoted Lyons.
 
 
 7
 Finally, appellant argues that when, by court order, on November 4, 1983, the Division of Police promoted David Lyons to the rank of captain effective June 1, 1982, the promotion created a vacancy at the rank of lieutenant and that the department should have appointed appellant to that position. To comply with civil service requirements, the Division transferred Lyons from the politically appointed rank of major to the classified civil service rank of lieutenant on December 17, 1982. On December 18, 1983, the Division then appointed Lyons to the position of captain with an effective date of June 1, 1982. The Division of Police demoted and promoted Lyons solely to comply with the procedural requirements of the civil service statutes. Since Lyons did not occupy an operational position as lieutenant, his promotion to captain did not create a vacancy. Consequently, we hold that Louisville has complied with the intent and terms of the consent decree.
 
 
 8
 Accordingly, we affirm the District Court's dismissal of the intervening petition with prejudice.
 
 
 
 *
 Honorable Julian Abele Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation